# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6917 | **DATE** | 6/28/2002 |
| **CASE TITLE** | Deleo et al vs. Swirsky et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: For these reasons, we find that Magistrate Judge Ashman's ruling was neither clearly erroneous nor contrary to law. Indeed, we agree with it. Therefore, all objections to Magistrate Judge Ashman's 5/13/2002 order are denied. The remaining names plaintiffs shall have until 9/18/2002 to secure new counsel or the case will be dismissed with prejudice on that date. This matter is set for status on 9/19/2002 @ 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 0 2 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 168 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 20 JUL -2 AM 8:23 | date mailed notice |
| | | Date/time received in central Clerk's office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEAL DELEO, PHILLIP LADUCA, )
FRED RAGLAND, and FRED MAY, )
as Representatives of the Shareholders of )
EASY ACCESS INTERNATIONAL, )
INC., and NEAL DELEO, individually, )
)
        Plaintiffs, )
) No. 00 C 6917
v. )
) Wayne R. Andersen
BENJAMIN SWIRSKY, et al., ) District Judge
)
        Defendants. )

DOCKETED
JUN 0 2 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the objections of the parties to Magistrate Judge Ashman's Order of May 13, 2002. For the following reasons, the objections to Magistrate Judge Ashman's Order are denied.

### BACKGROUND

In his May 13, 2002 Order, Magistrate Judge Ashman denied the defendant's motion to disqualify lead counsel Bruce Golden for lack of standing yet, on his motion, he determined that lead plaintiff Neal DeLeo and Golden should be disqualified because of inescapable conflicts of interest. In support of these findings, Judge Ashman has concluded:

    1.    Defendant Swirsky's Motion to Disqualify DeLeo and Golden should be denied because he does not have standing to make this argument. Specifically, the motion should be denied because fairness dictates that Swirsky, as a defendant director charged with fraud, should not be entitled to challenge the adequacy of the representation provided by the named plaintiff and his attorney in a derivative suit. Furthermore, Swirsky has not alleged an injury in fact arising from DeLeo and Golden's

representation of the case that is sufficient to establish standing to bring the motion.

2. Lead plaintiff DeLeo has antagonistic interests that make him unfit to represent the interests of the class of his fellow shareholders of Easy Access International, Inc ("EAI"). In particular, DeLeo's position in the New York lawsuit that Zconnexx owned the disputed website is in direct conflict with his position in this Court that he, in fact, owned the rights to the website.

3. DeLeo's stake in the New York lawsuit compared to his stake in the derivative suit before this Court suggests that DeLeo may use this suit as leverage in the New York suit.

4. Golden must be disqualified because DeLeo's interests hinder his ability to fully prosecute the interests of EAI shareholders. Though the shareholders would benefit in this Court from the argument that Zconnexx owned the website, Golden cannot make that point because of the conflict arising from his representation of DeLeo in New York.

The plaintiff and the defendant have filed objections to Magistrate Judge Ashman's May 13, 2002 Order. Plaintiff asks this Court to reverse Magistrate Judge Ashman's Order holding that DeLeo should be disqualified from serving as named plaintiff and that Golden should be disqualified from serving as class counsel. Defendant challenges Magistrate Judge Ashman's ruling that Swirsky lacks standing to challenge the adequacy of a class representative and counsel.

## DISCUSSION

Magistrate Judge Ashman's Order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636 (b)(1)(A). After reviewing a magistrate judge's report and recommendation, a district court may accept, reject or modify, in whole or in part, the findings of the magistrate judge in the report. Fed.R.Civ.P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The district

2

court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

We find that Magistrate Judge Ashman correctly held that Swirsky and Golden should be disqualified due to conflicting interests in both the New York and Illinois lawsuits. With respect to named plaintiff DeLeo, Judge Ashman has exhaustively considered the pleadings and underlying documentation to reach the conclusion that DeLeo's position in the New York lawsuit with respect to ownership of the disputed website is inimical to the interests of the EAI shareholders he purports to represent in this Court. Such a conflict of interest demonstrates that DeLeo cannot "fairly and adequately represent the interests of the shareholders . . . in enforcing the right of the corporation." Fed.R.Civ.P. 23.1.

As for class counsel Golden, we agree with Judge Ashman that his representation of DeLeo in the New York suit compels him to make strategic and tactical decisions in the Illinois suit that are ultimately adverse to the best interests of the EAI shareholders. This is not to say, however, that Golden has failed to try to advance the interests of his clients. His voluminous pleadings bespeak substantial vigor. Nevertheless, as Judge Ashman has properly noted, Golden opened himself to potential disqualification when he agreed to serve as counsel in the New York and Illinois lawsuits. He was aware of the need to take adverse positions in the two suits and he did nothing to alleviate either opposing counsel's or the Court's concerns about potential conflicts of interest.

3

Finally, with respect to Swirsky's objection to Judge Ashman's conclusion that Swirsky did not have standing to seek disqualification, we conclude there was no error. As Judge Ashman correctly held, Swirsky has demonstrated no actual injury that he has suffered as a result of either DeLeo or Golden's prosecution of this case. Accordingly, this finding was not "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

## CONCLUSION

For these reasons, we find that Magistrate Judge Ashman's ruling was neither clearly erroneous nor contrary to law. Indeed, we agree with it. Therefore, all objections to Magistrate Judge Ashman's May 13, 2002 Order are denied. The remaining named plaintiffs shall have until September 19, 2002 to secure new counsel or the case will be dismissed with prejudice on that date. This matter is set for status on September 19, 2002 at 10 a.m.

Wayne R. Andersen
United States District Judge

Dated: June 28, 2002

4