# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6917 | **DATE** | 9/3/2002 |
| **CASE TITLE** | Neal DeLeo, et al. vs. Benjamin Swirsky, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff Neal DeLeo and the remaining class representatives' motion to reinstate Golden as counsel for EAI shareholders [172-2] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 5 2002 date docketed | |
| | Notified counsel by telephone. | | | 184 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 9/3/2002 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NEAL DELEO, PHILLIP LADUCA, )
FRED RAGLAND, and FRED MAY, )
as Representatives of the Shareholders of )
EASY ACCESS INTERNATIONAL, INC., )
and **NEAL DELEO**, individually, )
                                        )    Case No. 00 C 6917
               Plaintiffs, )
                                        )    Judge Wayne R. Andersen
v. )
                                        )    Magistrate Judge
**BENJAMIN SWIRSKY**, et al., )      Martin C. Ashman
                                        )
               Defendants. )

## MEMORANDUM OPINION AND ORDER

On May 14, 2002, this Court issued a decision recommending that Neal DeLeo be disqualified from serving as a named plaintiff in this derivative suit and that Bruce Golden be disqualified from serving as counsel for the shareholders of Easy Access International, Inc. ("EAI"). *DeLeo v. Swirsky*, No. 00 C 6917, 2002 WL 989526, at *8 (N.D. Ill. May 14, 2002). It did not appear to this Court that DeLeo could fairly and adequately represent the interests of EAI shareholders due mainly to his involvement in separate litigation in New York. *Id.* at *6-7. This Court concluded that the disqualification of DeLeo necessitated the disqualification of Golden, who was representing DeLeo in New York. *Id.* at *7-8.

Presently before this Court is DeLeo's and the remaining class representatives' Motion to Reinstate Golden as Counsel for EAI Shareholders. On August 12, 2002, Judge John T. Elfvin granted Golden's motion to withdraw as counsel for DeLeo in New York. The instant motion to

reinstate reads that Golden should be reinstated because he no longer represents DeLeo in New York. (Mot. Reinstate at 1.) If only it were that simple.

The complaint in this case contains ten counts, eight of which are derivative, two of which are individual to DeLeo. All of the counts, derivative and individual, pertain to an allegedly fraudulent transfer of securities between EAI and Swirsky in April 1999. *DeLeo*, 2002 WL 989526, at *1. Golden no longer represents EAI shareholders in this derivative suit by virtue of court order; however, Golden continues to serve as DeLeo's lawyer with respect to DeLeo's individual claims, a capacity that Golden has held since the filing of the initial complaint. Golden's signature appears on all papers relating to DeLeo's (and the class representatives') instant motion to reinstate Golden.

To reinstate Golden, this Court must conclude that Golden can "fairly and adequately represent the interests of the shareholders." Fed. R. Civ. P. 23.1. Under the circumstances, this requires at least a finding that Golden can effectively and properly represent the interests of EAI shareholders and DeLeo at the same time. The fairness and adequacy requirement bears on loyalty. Since loyalty is the essence of Local Rule 83.51.7, which limits simultaneous representations, we turn there.

Local Rule 83.51.7 states:

    (a)    A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

        (1)    the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

        (2)    each client consents after disclosure.

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>>
>> (2) the client consents after disclosure.
>
> (c) When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.

DeLeo and the remaining class representatives (more accurately, Golden) fail to address the implications of this rule. Nonetheless, this Court finds that Local Rule 83.51.7 bars Golden from representing the interests of EAI shareholders because Golden may not be able to consider, recommend, or carry out an appropriate course of action for EAI shareholders in this derivative suit due to his responsibilities to DeLeo, *see DeLeo*, 2002 WL 989526, at *6-7, and because Golden has not proffered appropriate consents from EAI shareholders and DeLeo after adequate disclosure. DeLeo's written consent, the only consent attached to the instant motion to reinstate, is inadequate because it is impossible to tell from reading the document whether Golden's disclosure to DeLeo satisfies Local Rule 83.51.7. *See* Local R. 83.51.7(c) ("[T]he disclosure shall include explanation of the implications of the common representation and the advantages and risks involved."). After "thorough and complete consultation," DeLeo thinks that he "share[s] the interests of all EAI shareholders." (Pls.' Reply Ex. 3.) This conclusion stands in sharp contrast to the conclusion of this Court on May 14. *DeLeo*, 2002 WL 989526, at *6-7. In any event, it is doubtful that Golden could obtain the necessary consents even if he tried, again.

The Committee Comment to Local Rule 83.51.7 states that a lawyer cannot properly ask for a consent "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances." Under the circumstances, this Court believes that this comment sounds the death knell for Golden's reinstatement as counsel for EAI shareholders. Setting aside the comment, whether adequate consents from all EAI shareholders can resolve a fairness and adequacy controversy like the one presented here remains an issue. *See DeLeo*, 2002 WL 989526, at *7 (quoting *Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 341, 347 (D. Or. 1988)). Golden has not addressed this question.

For the foregoing reasons, this Court denies DeLeo's and the remaining class representatives' Motion to Reinstate Golden as Counsel for EAI Shareholders.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** September 3, 2002.

Copies have been mailed to:

| | |
|---|---|
| BRUCE P. GOLDEN, Esq.<br>Bruce P. Golden & Associates<br>4137 North Hermitage Avenue<br>Chicago, IL 60613 | STUART M. RIBACK, Esq.<br>MATTHEW F. SCHWARTZ, Esq.<br>Siller Wilk, L.L.P.<br>747 Third Avenue<br>New York, NY 10017 |
| | STEPHEN J. SENDEROWITZ, Esq.<br>AUGUST H. SCHUPP, Esq.<br>Schwartz, Cooper, Greenberger<br> and Krauss, Chtd.<br>180 North LaSalle Street<br>Suite 2700<br>Chicago, IL 60601 |
| Attorney for Plaintiffs | Attorneys for Defendants |