## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6917 | **DATE** | 2/5/2003 |
| **CASE TITLE** | Neal DeLeo, et al. vs. Benjamin Swirsky, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and recommendation recommending that plaintiff's motion to disqualify the defendants' attorneys [187-5] be denied is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

number of notices: 3
date docketed: FEB 18 2003
date mailed notice: 2/5/2003
courtroom deputy's initials: IS
mailing deputy initials: IS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEAL DELEO, PHILLIP LADUCA, FRED RAGLAND, and FRED MAY, as Representatives of the Shareholders of EASY ACCESS INTERNATIONAL, INC., and NEAL DELEO, individually, Plaintiffs, v. BENJAMIN SWIRSKY, et al., Defendants. | Case No. 00 C 6917 Judge Wayne R. Andersen Magistrate Judge Martin C. Ashman |

## REPORT AND RECOMMENDATION

This case is before this Court on Plaintiff's motion to disqualify the attorneys representing defendants Benjamin Swirsky, Anthony Goldstein, and John Pozios (collectively the "Swirsky Defendants"). For the following reasons, the Court finds that the Swirsky Defendants' attorneys Siller Wilk, L.L.P. and Neal Gerber & Eisenberg should not be disqualified. Plaintiff's motion should be denied.

### I. Background

On May 14, 2002, this Court issued a decision recommending that Plaintiff Neal DeLeo be disqualified as a named plaintiff in this derivative suit after finding that he has interests antagonistic to those of the other shareholders of Easy Access International, Inc. ("EAI") that make him unfit to represent the interests of those shareholders. *DeLeo v. Swirsky*,

No. 00 C 6917, 2002 WL 989526, at *7 (N.D. Ill. May 14, 2002). The Court also recommended that Plaintiffs' counsel, Bruce Golden, be disqualified from serving as counsel for the derivative shareholders because his representation of Neal DeLeo in the New York lawsuit hindered his ability to fully prosecute the interests of the EAI shareholders. *Id.* at *7-8.[1]

Golden subsequently withdrew as counsel for DeLeo in the New York litigation. However, we found that this action did not clear the path for Golden to represent the EAI shareholders in this case. *DeLeo v. Swirsky*, No. 00 C 6917, 2002 WL 31017666, at *2 (N.D. Ill. Sept. 5, 2002). Under Local Rule 83.51.7, his representation of DeLeo as an individual prevents him from representing the EAI shareholders. *Id.*

DeLeo now brings this motion to disqualify Defendants' attorneys, Siller Wilk and Neal Gerber.[2] As best as we can discern from the convoluted briefs, the crux of his arguments centers around Siller Wilk's former representation of Zconnexx Corporation both here and in New York. He also discusses the Swirsky Defendants' contract claims against Zconnexx in Canada for compensation and reimbursement of expenses; the Canadian bankruptcy of Zconnexx; the ancillary bankruptcy proceeding here in the Northern District of Illinois which centralized the bankruptcy proceedings of the Canadian court; a declaratory judgment action filed in Canada by Swirsky and Zconnexx Corporation; an action filed in Florida purporting to be a similar

---

[1] The background of the New York case and of this case are set forth more fully in this Court's May 14, 2002 Report and Recommendation.

[2] To lessen the confusion of these matters, we will refer to the Swirsky Defendants' attorneys collectively, even when they did not both represent the Zconnexx, such as in the New York matter.

- 2 -

derivative shareholder suit that has been transferred to this District; and the corporate representation of Zconnexx and Zconnexx America by Siller Wilk.

DeLeo argues that the actions of the Swirsky Defendants' attorneys have violated the Local Rules of this District Court, the Code of Professional Responsibility of the American Bar Association, and New York rules governing attorney conduct.[3]

After the parties fully briefed this motion, the Court heard oral argument. In his reply brief, DeLeo waived oral argument and his attorney did not appear at the hearing.

## II. Discussion

This motion is unusual because it is not a situation in which the party making the motion was formerly represented by the attorneys it is trying to disqualify. DeLeo has no connection to either of the Swirsky Defendants' attorneys. Rather, DeLeo is objecting to Siller Wilk and Neal Gerber's prior representation of the Swirsky Defendants' co-defendant Zconnexx. According to the Committee Comment to Local Rule 83.51.7, it is the responsibility of the representing attorney to evaluate the potential conflict of interest to determine if he or she should represent certain clients. The court may raise the question if it has reason to believe that the attorney has neglected this responsibility, and opposing counsel may raise the issue if "the conflict is such as clearly to call in question the fair or efficient administration of justice . . . ." *Id.* Additionally, as always, the Court has the "duty to safeguard the sacrosanct privacy of the attorney-client

---

[3] This Court's first decision regarding the disqualification of Golden relied upon Federal Rule of Civil Procedure 23.1 governing derivative actions by shareholders. This Rule is not applicable to this motion brought by DeLeo.

relationship." *See Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982) (relying on Canons 4 and 9 of the ABA Code of Professional Responsibility).

### A. Rules of Professional Conduct for the Northern District of Illinois

The Rules of Professional Conduct governing attorneys practicing law in the Northern District of Illinois were adopted by the District Court effective September 1, 1999. DeLeo claims that the Defendants' attorneys have violated Local Rules 83.51.6, 83.51.7, and 83.51.9, among others.[4]

#### 1. Local Rule 83.51.6

Local Rule 83.51.6 provides that "a lawyer shall not, during or after termination of the professional relationship with the client, use or reveal a confidence or secret of the client known to the lawyer . . . ." The only confidential information identified by DeLeo is the Swirsky Defendants' attorneys' alleged knowledge of the location of Zconnexx's assets. DeLeo claims this information could be used to enforce the Swirsky Defendants' default judgments against Zconnexx. The Swirsky Defendants respond, and the Court agrees, that this information is public knowledge, and even if the Swirsky Defendants wanted to use the information to enforce their judgments, Zconnexx is in bankruptcy proceedings and no judgments against it can be

---

[4] In addition to the Rules discussed in further length in this Report and Recommendation, DeLeo also complains that Rules 83.51.8(b) & (f), 83.52.1, and 83.58.3 have been violated. Briefly, the Court finds that no evidence has been presented to prove that the Swirsky Defendants' attorneys have engaged in any prohibited transactions, have failed to exercise their independent professional judgment, have failed to render candid advice, or have failed to report professional misconduct, and therefore, those Rules have not been violated.

- 4 -

enforced. Additionally, the Swirsky Defendants' attorneys do not represent the Swirsky Defendants in the matters in which default judgments have been rendered against Zconnexx. The Court finds that the Swirsky Defendants' attorneys have not violated Rule 83.51.6.

2. Local Rule 83.51.7

Local Rule 83.51.7 governs existing client relationships and summarizes an attorney's duty of loyalty to his clients: "(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client . . . (b) [or] if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests . . . ." At section (c), the Rule concludes: "When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved."

The first issue the Court must address is whether Zconnexx is a current client of the Swirsky Defendants' attorneys. The two law firms withdrew from their representation of Zconnexx in this case in November of 2001 and Siller Wilk withdrew from its representation of Zconnexx in the New York case in October of 2002. The Court finds that neither firm represents Zconnexx in the bankruptcy proceeding (in Canada or the ancillary proceeding in the Northern District of Illinois) because none of the attorneys are licensed to practice law in Canada and the interests of Zconnexx are protected by its court-appointed trustee.[5] Similarly, DeLeo has shown no evidence to prove that either firm is connected with the Canadian declaratory judgment action,

---

[5] The Canadian court-appointed trustee is represented by her own counsel in Canada and in Illinois. Contrary to DeLeo's suggestions, the Court will not second-guess the Ontario Superior Court of Justice's decision to appoint the trustee.

or the action for expenses brought by Zconnexx's former officers and directors. Thus, the Court will only consider that the attorneys formerly represented Zconnexx as its corporate attorney and formerly represented it in this case and in the New York and Florida litigations.

Nevertheless, case law suggests that a "current client" is any client whose representation existed at the time the complaint was filed. *H.G. Gallimore, Inc. v. Abdula*, No. 85 C 7190, 1987 WL 5940, at *3 (N.D. Ill. Jan. 29, 1987); *Ransburg Corp. v. Champion Spark Plug Co.*, 648 F. Supp. 1040, 1044 (N.D. Ill. 1986). Thus, even though the attorneys have withdrawn from their representation of Zconnexx, the Court will consider the implications of this Rule. *Cf. SWS Fin. Fund v. Salomon Bros., Inc.*, 790 F. Supp. 1392, 1399 (N.D. Ill. 1992) (attorneys may not drop one client like a "hot potato" in order to represent a more lucrative client); Local R. 83.51.7(b).

DeLeo has not set forth any evidence to show that the Swirsky Defendants' attorneys' representation of the Swirsky Defendants is directly adverse to Zconnexx, even though the Swirsky Defendants may have interests adverse to Zconnexx in other matters in which the Swirsky Defendants' attorneys are not involved. Here, the Swirsky Defendants' attorneys' representation of Zconnexx is not limited by the attorneys' responsibilities to other clients because both Zconnexx and the Swirsky Defendants take the position that Zconnexx bought the www.yellowpage.net URL in an arm's length transaction in which it relied on the sellers' representations. They argue that Zconnexx either owned the URL or cannot be blamed for any improper taking and agree that the pledge transaction was fair. Additionally, the allegations against Zconnexx in this case mirror the allegations against the Swirsky Defendants. The Swirsky Defendants argue, and the Court agrees, that if the pledge transaction was fair to FAI, then Zconnexx would win the case along with the Swirsky Defendants.

The Court finds no adversity of interest in this litigation between the Swirsky Defendants and Zconnexx. The Swirsky Defendants' attorneys have not violated Local Rule 83.51.7.

### 3. Local Rule 83.51.9

DeLeo also argues that the Swirsky Defendants attorneys have violated Local Rule 83.51.9. According to the Committee Comment to 83.51.7: "Where more than one client is involved and the lawyer withdraws because a conflict arises over representation, whether the lawyer may continue to represent any of the clients is determined by LR 83.51.9." Although the Court does not find a conflict, because the firms have withdrawn from their representation of Zconnexx, we will consider Local Rule 83.51.9:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client . . . . [or] use information relating to the representation to the disadvantage of the former client. . . .

The only "same or substantially related" matters, and the only cases where the Swirsky Defendants' attorneys represented Zconnexx, are this matter and the New York and Florida litigations. The question then becomes whether the Swirsky Defendants' interests are materially adverse to the interests of Zconnexx. Again, the interests are not adverse, because the position of both Zconnexx and the Swirsky Defendants is the same in the litigations -- Zconnexx was a good-faith purchaser of the URL and thus either owned the URL or cannot be blamed for its improper taking. In all the litigations the Defendants take the position that the pledge transaction was fair.

-7-

This Court finds that the Swirsky Defendants' attorneys have not violated the Local Rules.

### B. Seventh Circuit Standards for Disqualification

Although somewhat repetitive of the above analysis, we will also consider the Seventh Circuit standards for disqualification. A motion for disqualification of counsel must be viewed with "extreme caution." *Freeman*, 689 F.2d at 722. It is a "drastic measure" that interferes with an existing attorney-client relationship. *Id.* at 721-22. Parties can also use it as a tool for harassment. *Id.* at 722; *Donohoe v. Consol. Operating & Prod. Corp.* 691 F. Supp. 109, 120 (N.D. Ill. 1988) (noting that disqualification of opposing counsel is a "powerful tactical weapon").

The moving party bears the burden of proving the facts necessary for disqualification. *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997). DeLeo thus has the burden of showing that disqualification is required.

As the Seventh Circuit succinctly set forth in *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983):

> For rather obvious reasons a lawyer is prohibited from using confidential information that he has obtained from a client against that client on behalf of another one. But this prohibition has not seemed enough by itself to make clients feel secure about reposing confidences in lawyers, so a further prohibition has evolved: a lawyer may not represent an adversary of his former client if the subject matter of the two representations is "substantially related," which means: if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second. It is irrelevant whether he actually obtained such information and used it against his former client, or whether--if the lawyer is a firm rather than an individual

practitioner--different people in the firm handled the two matters and scrupulously avoided discussing them.[6]

The analysis of whether the subject matter of the two representations is substantially related is three-fold. First, the court must make a "factual reconstruction of the scope of the prior legal representation." *LaSalle Nat'l Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir. 1983). As discussed, DeLeo complains of a variety of situations. But his arguments center on the attorneys' former representation of Zconnexx in the instant lawsuit, in the New York and Florida litigations, and as corporate counsel.[7] Presumably, in these capacities, the attorneys advised the corporations on a wide variety of matters.

Next, we must determine "whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters." *Id.* at 255-56. The only confidential information identified by DeLeo is the location of assets of Zconnexx. Presumably, the location of assets would be known to attorneys in the situations described above.

So finally, we must determine "whether that information is relevant to the issues raised in the litigation pending against the former client." *Id.* The location of assets of Zconnexx does not appear to be relevant to any issue in the instant case, or in the New York or Florida litigations. Furthermore, the Swirsky Defendants claim that this information is public knowledge. Attorneys

---

[6] Again, the Court finds that the Swirsky Defendants' attorneys did not represent Zconnexx in any Canadian proceeding, not in the ancillary bankruptcy proceeding in the Northern District of Illinois, nor in the enforcement of the default judgments, nor in the Florida matter.

[7] Again, the Court finds that the Swirsky Defendants' attorneys did not represent Zconnexx in any Canadian proceeding, nor in the ancillary bankruptcy proceeding in the Northern District of Illinois, nor in the enforcement of the default judgments, nor in the Florida matter.

are not prohibited from using generally known information about a client when later representing another client. *See* Local R. 83.51.9(c)(1). Additionally, as discussed, any assets of Zconnexx are tied up in the bankruptcy proceedings. And, while the location of assets may be useful to the Swirsky Defendants at some time in the future to enforce their default judgments, the Swirsky Defendants' attorneys do not provide representation in any of the Canadian actions. In the end, as discussed above, the litigation positions of Zconnexx and the Swirsky Defendants are not adverse.

The Court finds that the Seventh Circuit standards for disqualification are not met in this case.

### C. Rule 11 of the Federal Rules of Civil Procedure

DeLeo next argues that the Swirsky Defendants' attorneys' interests are adverse to those of their clients due to their need to avoid Rule 11 sanctions. *See Polar Int'l Beverage Corp. v. Reeve*, 196 F.R.D. 13, 18-19 (S.D.N.Y. 2000) (for an attorney to change positions may result in Rule 11 sanctions). But neither the Swirsky Defendants' nor their attorneys need to change their positions in this litigation as compared to the New York litigation. The attorneys make the argument in both cases that the URL was only worth $550.00, that Zconnexx had negligible value, if any, and that the pledge transaction was fair. Thus, the Court does not find an actual or potential violation of Rule 11 by the Swirsky Defendants' attorneys. The motion to disqualify for violations of Rule 11 should be denied.

### D. Communication of a Settlement Offer

DeLeo's final argument is that the attorneys should be disqualified on the grounds that they did not communicate a settlement offer to their clients. Even if a failure to communicate a settlement offer were grounds for disqualification (and DeLeo cites no authority that it is), the Court finds that the settlement offer was communicated to the clients, and the motion to disqualify for a failure to communicate a settlement offer should be denied.

As an aside, the Court finds these last two arguments to be ridiculous, and cautions DeLeo against making such outrageous arguments in the future.

## III. Conclusion

The Court concludes that the Swirsky Defendants' attorneys have not violated the Local Rules nor has DeLeo shown that they should be disqualified. For the foregoing reasons, the Court recommends that Plaintiff's motion to disqualify the Defendants' attorneys be denied.

Dated: February 5, 2003.

MARTIN C. ASHMAN
United States Magistrate Judge

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Wayne R. Andersen within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| BRUCE P. GOLDEN, Esq.<br>Bruce P. Golden & Associates<br>4137 North Hermitage Avenue<br>Chicago, IL 60613 | STUART M. RIBACK, Esq.<br>MATTHEW F. SCHWARTZ, Esq.<br>Siller Wilk, L.L.P.<br>747 Third Avenue<br>New York, NY 10017 |
| | AUGUST H. SCHUPP, Esq.<br>Neal Gerber & Eisenberg<br>2 North LaSalle Street<br>Chicago, IL 60602 |
| Attorney for Plaintiffs | Attorneys for Defendants |